# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Kelli Read, <br><br>             Plaintiff, <br><br> v. <br><br> Edward Sloan and Associates, Inc., <br><br>             Defendant. | Civil Action No.: 2:15-cv-18 <br><br><br><br> **COMPLAINT** <br> JURY |

For this Complaint, Plaintiff, Kelli Read, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.  Plaintiff, Kelli Read ("Plaintiff"), is an adult individual residing in Marshall, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(39).

4.  Defendant Edward Sloan and Associates, Inc. ("Sloan"), is a Texas business entity with an address of 368 Private Road 8565, Winnsboro, Texas 75494-8038, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

5.     A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

6.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.     The Debt was purchased, assigned or transferred to Sloan for collection, or Sloan was employed by the Creditor to collect the Debt.

8.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Sloan Engages in Harassment and Abusive Tactics**

9.     Within the last year, Sloan called Plaintiff in an attempt to collect the Debt, which is a medical bill for Plaintiff's minor son.

10.     The calls were placed to Plaintiff's cellular phone, number 903-xxx-9298.

11.     The calls were placed from telephone number 903-342-3802.

12.     When Plaintiff answered the phone, she heard silence followed by an automated click before she was transferred to a Sloan operator.

13.     The foregoing is indicative of a predictive dialer, an automatic telephone dialing system ("ATDS") under the TCPA.

14.     When the calls began, Plaintiff explained to Sloan that, pursuant to her divorce decree, her ex-husband was responsible for the remaining balance of the Debt.

15. Plaintiff also explained that she used her cellular phone for work and that the repeated calls were inconvenient and disruptive, and demanded that the automated calls to her cellular phone cease.

16. Nevertheless, Sloan continued to place automated calls to Plaintiff's cellular phone.

**C.   Plaintiff Suffered Actual Damages**

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

18. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted Plaintiff at a place and during a time known to be inconvenient for Plaintiff.

21. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

23. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

25. Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. At all times mentioned herein, Defendant called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

28. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

29. Defendant's telephone system has all the earmarks of a Predictive Dialer.

30. When Plaintiff answered the phone, she heard silence and a click before Defendant's telephone system would connect her to the next available representative.

31. Defendant's Predictive Dialer has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

32. Plaintiff never provided her cellular telephone to Defendant and never provided his consent to be contacted on her cellular telephone, and in fact instructed Defendant to stop all calls to her.

33. Plaintiff never provided her cellular telephone to the Creditor and never gave consent to the Creditor to contact her on her cellular telephone number.

34. In the event Defendant at one time had consent to contact Plaintiff on her cellular telephone, Plaintiff revoked her consent by her demands to cease calls to her cellular telephone.

35. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

37. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

38. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 14, 2015

Respectfully submitted,

By */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
*Attorneys for Plaintiff*